**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.  CASES NO. 5:11cr16-RH/GRJ
  5:14cv67-RH/GRJ

RONTERREAL D. GAINER,

    Defendant.

_____/

**ORDER GRANTING § 2255 MOTION
AND APPOINTING AN ATTORNEY**

The defendant Ronterreal D. Gainer has moved under 28 U.S.C. § 2255 for relief from his sentence. For the reasons set out on the record of the hearing on April 27, 2017, this order grants the motion, directs the clerk to set a resentencing hearing, and appoints an attorney to represent Mr. Gainer in further proceedings.

A jury convicted Mr. Gainer on three counts: possessing crack cocaine with the intent to distribute it (count one), possessing a firearm in furtherance of the crack-cocaine offense (count two), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) (count three). The district judge who was presiding over the case at that time sentenced Mr. Gainer to 360 months in custody on counts

one and three, to run concurrently, and to 60 months consecutive on count two, for a total of 420 months.

The maximum sentence for violating § 922(g)(1) is ordinarily 10 years. *See id.* § 924(a)(2). But if the defendant is an armed career criminal as defined in 18 U.S.C. § 924(e), the *minimum* sentence is 15 years, and the maximum is life.

Under the law of the circuit when Mr. Gainer was sentenced, he was an armed career criminal. This made it permissible to sentence Mr. Gainer to 360 months on count three. His treatment as an armed career criminal under the United States Sentencing Guidelines Manual—a distinct issue from whether Mr. Gainer was an armed career criminal under § 924(e)—was a basis for the 360-months sentence on counts one and three.

Now the law has changed. Under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Gainer is no longer an armed career criminal within the meaning of § 924(e). *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The maximum sentence that could be imposed on count three is now 10 years. The existing sentence is unlawful. Mr. Gainer is entitled to a full resentencing.

This renders moot other issues that Mr. Gainer raised in the § 2255 motion.

For these reasons,

IT IS ORDERED:

1. Mr. Gainer's motion for relief under 28 U.S.C. § 2255, *see* ECF Nos. 132, 134, and 136, is granted.

2. The probation officer must prepare a supplemental addendum to the presentence report setting out the revised guideline range and any other pertinent information.

3. The clerk must set a resentencing hearing for the first available date on or after June 29, 2017.

4. The attorney Jean Marie Downing is appointed under the Criminal Justice Act to represent Mr. Gainer.

SO ORDERED on May 1, 2017.

                                                s/Robert L. Hinkle
                                                United States District Judge