IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:11cr16-RH-GRJ

RONTERREAL D. GAINER,

  Defendant.

_____/

## ORDER DENYING COMPASSIONATE RELEASE

The defendant Ronterreal D. Gainer has served nearly 113 months on a 204-month sentence in the Bureau of Prisons. He has moved to reduce the sentence. His primary assertion is that a reduction is warranted by his good conduct and rehabilitation while serving the sentence.

A district judge may not reduce a sentence except on limited grounds. *See* 18 U.S.C. § 3582. Only one, sometimes referred to as "compassionate release," is at issue here.

Federal law has long allowed compassionate release—that is, release before completion of a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). Until recently, a district court could order compassionate release only on motion of the Director of

the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *Id*. A defendant may file such a motion after exhausting administrative remedies. *Id*. Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

The most typical grounds for compassionate release include medical conditions, aging, and heightened risk from covid-19. In addition, some courts have found compelling, and thus have granted compassionate release, when a sentence has become extraordinarily disproportionate to the sentence that would be imposed today. *See, e.g.*, *United States v. Caylor*, No. 3:01cr83/LAC (N.D. Fla. June 5, 2020). Good conduct and rehabilitation while serving a sentence ordinarily are not extraordinary and compelling reasons to reduce a sentence. And even if they sometimes could be, Mr. Gainer's performance, while commendable, does not warrant a sentence reduction. As a matter of discretion, the sentence will not be reduced on these or other grounds cited in the motion or shown by this record.

IT IS ORDERED:

The motion for a sentence reduction, ECF No. 208, is denied.

SO ORDERED on August 29, 2020.

                                              s/Robert L. Hinkle
                                              United States District Judge